**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 12, 2016

LETTER TO COUNSEL

RE:   *Joseph Bernard Davis v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-2699

Dear Counsel:

On September 14, 2015, Plaintiff Joseph Bernard Davis petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Davis filed a claim for SSI benefits on May 2, 2013, alleging a disability onset date of March 25, 2013.[1] (Tr. 161-66). His claim was denied initially and on reconsideration. (Tr. 64-71, 73-82). A hearing was held on April 16, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 33-63). Following the hearing, the ALJ determined that Mr. Davis was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-26). The Appeals Council denied Mr. Davis's request for review. (Tr. 1-6). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Davis suffered from the severe impairments of status-post gunshot wounds to the right lower leg and left hip, status-post arthroscopy and partial medial meniscectomy of the left knee, status-post cholecystectomy, hypertension, obesity, diabetes, ventral hernia, status-post umbilical hernia repair, intermittent explosive disorder, major depression, and anxiety. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Davis retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally operate foot controls with both feet. He can occasionally climb

---

[1] Mr. Davis also filed a claim for Disability Insurance Benefits on that same date, which was denied due to his lack of work credits. (Tr. 85). That claim is not relevant to this appeal.

> ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes and scaffolds. He would need to avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, hazardous moving machinery and unprotected heights. He can perform simple, routine and repetitive tasks in a low stress work environment. Low stress work environment is defined as no strict production quotas. He can occasionally interact with the public, coworkers and supervisors.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Davis could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 25-26).

On appeal, Mr. Davis raised several arguments pertaining to the assignments of weight to various medical sources, and further argued that the ALJ's analysis did not comport with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). I disagree with Mr. Davis's *Mascio* argument, but I agree that remand is warranted as a result of numerous errors in the evaluations of the medical opinions. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Davis was not entitled to benefits was correct or incorrect.

Beginning with the unsuccessful argument, the ALJ's opinion comports with the requirements of *Mascio*. The Fourth Circuit remanded that case, in relevant part, because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Here, the ALJ expressly limited Mr. Davis to a "low stress work environment" defined as "no strict production quotas." (Tr. 20). That limitation addresses Mr. Davis's limitation in staying on task, and thus there is no *Mascio* error.

In contrast, however, the ALJ's evaluation of medical opinions is rife with errors, largely due to the ALJ's repeated confusion of Mr. Davis's treating physician, Dr. Nathan Scott, with Mr. Davis's treating psychiatrist, Dr. Nicholas Scotto. For example, the ALJ states that Dr. Scotto "carried out several physical examinations from November 21, 2013 to February 2, 2015," when in fact Dr. Scotto, the psychiatrist, was assessing Mr. Davis's mental state. (Tr. 353-92). Although there are some incidental references to Mr. Davis's physical health in those reports, Dr. Scotto did not perform physical examinations of Mr. Davis and was not focused on his physical health in writing his reports. The ALJ then attributes Dr. Scotto's mental health

opinion to Dr. Scott, (Tr. 23), and assigns it "modest weight" in part because "Dr. Scott never performed a mental status examination of the claimant and in his treatment notes he never reported any abnormal mental clinical signs." (Tr. 23-24). In contrast, Dr. Scotto performed regular mental status examinations of Mr. Davis, and found abnormal mental clinical signs including depression and rage issues. *See, e.g.,* Tr. 356 ("Patient had another episode of near rage, fortunately there was no one present when he got agry [sic]. In the past he has had numerous episodes of uncontrolled violent acting out, much of wheich [sic] he has no recollection for."); Tr. 367 ("Affect: on edge very tense congruent to mood."); Tr. 359 ("Depression only mildly improved multiple medical problems noted patient better but still residual depression and anxiety."). The ALJ thus misstates the evidence in asserting that Dr. Scotto's notes "revealed normal findings except for a depressed effect." (Tr. 23).

In light of this confusion, the ALJ's evaluation of medical evidence defies appellate review, and remand is appropriate to allow the ALJ to provide an accurate assessment of the reasons for assigning weight to each physician's opinion. Moreover, on remand, the ALJ should make an express assignment of weight to each of the opinions written by Dr. Scott, and should acknowledge that Mr. Davis's case manager, Ms. Megan Reeves, is not an acceptable medical source when determining the amount of weight to be assigned to her opinion.

For the reasons set forth herein, Mr. Davis's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge